FILED IN OPEN COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

SEALED

UNITED STATES OF AMERICA )
) 3:07-CR-10—17
v. ) 3:07-CR-22—3
) JUDGE Varlan
DAVID AARON BECKER )

PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, David Aaron Becker and the defendant's attorney, Jonathan A. Moffatt, have agreed upon the following:

1. The defendant will waive Indictment and arraignment and plead guilty to an Information and Indictment charging the defendant with the following offenses:

a) Count one of the Information (3:07-CR-22); production of child pornography in violation of 18 U.S.C. §§ 2251(a) & 3559(e).

The punishment for this offense is as follows: a mandatory minimum term of imprisonment of life, a period of supervised release of any number of years up to life, a special assessment of $100, a fine of up to $250,000, forfeiture as set forth in the Information and restitution.

b) Count one of the Indictment (3:07-CR-10); receipt of child pornography that has traveled in interstate or foreign commerce in violation of 18 U.S.C. §§ 2252(a)(2) & (b)(1).

The punishment for this offense is as follows: a mandatory minimum term of imprisonment of fifteen years up to forty years, a period of supervised release of any number of years up to life, a special assessment of $100, a fine of up to $250,000, and restitution.

The defendant is subject to the enhanced sentences set forth above by virtue of the fact that he has been previously been convicted of a qualifying sex offense against a child pursuant to 18 U.S.C. § 3559(e).

In consideration of defendant's guilty pleas, the United States agrees to move the Court at the time of sentencing to dismiss counts two and three of the Indictment (3:07-CR-10) as to this defendant. The United States also agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offenses committed by the defendant related to the charges contained in this Information and Indictment.

2. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term of imprisonment up to the statutory maximum;

b) The Court may impose any lawful fine up to the statutory maximum;

c) The Court may impose any lawful term of supervised release;

d) The Court will impose a special assessment fee as required by law; and

e) The Court may order forfeiture as applicable and restitution as appropriate.

3. The defendant has read the Information and Indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crimes must be proved beyond a reasonable doubt:

Production of child pornography - The defendant knowingly used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing

visual depictions of such conduct and said visual depictions being then produced by using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

Receipt of child pornography - The defendant knowingly downloaded and received images of child pornography on his computer that had been transported in interstate and foreign commerce.

4. In support the defendant's guilty plea, the defendant agrees and stipulates that the facts in the Agreed Factual Basis satisfy these elements. These are the facts submitted for the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

a) the right to be indicted by a grand jury for these crimes;

b) the right to plead not guilty;

c) the right to a speedy and public trial by jury;

d) the right to assistance of counsel at trial;

e) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

f) the right to confront and cross-examine witnesses against the defendant;

g) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

h) the right not to testify and to have that choice not used against the defendant.

6. The defendant further agrees to cooperate completely and truthfully with any and all law enforcement agents and the United States Attorney's Office's personnel. This cooperation includes, but is not limited to, meeting with and being interviewed by such law enforcement agents or United States Attorney's personnel whenever requested. The defendant further agrees not to protect anyone who was truly involved and not to falsely implicate anyone who was not truly involved. The defendant further agrees to testify completely and truthfully before a federal grand jury, at any trial, or any other time or proceeding if called upon by the United States to do so. Upon request, the defendant must furnish all documents, objects and other evidence in the defendant's possession, custody or control that are relevant to the United State's inquiries. The defendant and defense counsel also knowingly, voluntarily, and intentionally waive the defendant's right (where applicable) to have defense counsel present during the course of cooperation, including questioning or court appearances.

7. To ensure the defendant's truthful cooperation, the United States agrees, except as provided below, not to use any self-incriminating information provided by the defendant pursuant to this written plea agreement against the defendant. However, nothing in this plea agreement shall be applied to restrict the use of any information, (1) known to the United States prior to entering into this written plea agreement; (2) obtained from any other source; or (3) concerning the defendant's prior criminal record. Should either of the following occur (1) the defendant provides false or materially misleading information during the course of the defendant's cooperation; or (2) later moves to withdraw the defendant's guilty plea, then the United States may make use of any information provided by the defendant for any purpose in any subsequent proceeding, including grand jury, trial and sentencing phases of this case or further prosecutions against the defendant.

8. At the time of sentencing, the United States will bring to the Court's attention the nature, extent, and value of the defendant's cooperation so that it may be considered in determining a fair and appropriate sentence under the facts of the case. If, in the sole discretion of the United States, the defendant provides substantial assistance, the United States will file a motion for downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), or both, allowing the Court to impose a sentence which may fall below the minimum mandatory term of imprisonment or below the Sentencing Guidelines. If a motion is filed, the defendant understands that the Court, not the United States, determines whether the defendant receives a downward departure or a sentence below a minimum mandatory term of imprisonment.

9. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant 's offense level is 16 or greater, the United States agrees to move, at or before the time of sentencing, that the Court decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. The defendant agrees that the decision to file this motion is within the sole discretion of the United States. Should the defendant engage in any conduct or make statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

Case 3:07-cr-00022-TAV-CCS Document 3 Filed 03/15/07 Page 5 of 10 PageID #: <pageID>

10. The defendant agrees to pay the special assessment in this case prior to sentencing.

11. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding the potential sentence in this case are not binding on the Court. The defendant understands that the sentence in this case will be determined by the Court after it receives the pre-sentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

12. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to promote the commission of a violation of Title 18, United States Code, Sections 2251(a) & 3559(e), and subject to forfeiture pursuant to Title 18, United States Code, Section 2253(a), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant agrees to forfeit the defendant's interest in the following properties as follows:

    (a) Dell Dimension 4100 Computer Tower SN# 955y901

(b) Compaq Computer Tower SN# R016CT950406

(c) Generic Computer Tower - Front label "CD Rom Mania computers"

(d) Western Digital Hard Drive 40 GB SN# WMA6R2302181

(e) Sony Mavica MVC-FD73 Digital Camera SN# 147618

(f) VEO webcam - no serial number

(g) Pair of black Magpix camera binoculars SN# 03154977

(h) Sony Clie PDA - SN# 3000694

(I) Phillips DVD

(j) Cingular 64K smartchip - no serial number

(k) 32 Floppy Disks - various makes

(l) 62 CDS - various

The defendant further agrees to assist the United States fully in the identification, recovery and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate property and to pass title to the United States before the defendant's sentencing.

13. The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the United States deems appropriate. Finally, the defendant and counsel agree that the defendant may be contacted regarding the collection of any fine and/or restitution without notifying counsel and outside the presence of counsel.

14. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses, the defendant agrees not to file a direct appeal except as is provided in the following sentence. Thus the defendant knowingly and voluntarily waives the defendant's right to appeal the convictions and/or sentences imposed by the sentencing court in this case if the said sentences are for a term of years less than life.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the convictions and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

15. The defendant acknowledges that he has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

16. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement, moves to withdraw the defendant's guilty pleas, or violates any court order, local, state or federal law pending the resolution of this case, the United States will have the right to void any or all parts of the agreement. The United States may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the guilty pleas in this case.

17. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

JAMES R. DEDRICK
UNITED STATES ATTORNEY

03-09-2007
DATE

BY: Charles E. Atchley
CHARLES E. ATCHLEY, JR.
ASSISTANT UNITED STATES ATTORNEY

3/9/07
DATE

DAVID AARON BECKER
DEFENDANT

Mar 9, 2007
DATE

JONATHAN A. MOFFATT
ATTORNEY FOR DEFENDANT

Case 3:07-cr-00022-TAV-CCS Document 3 Filed 03/15/07 Page 10 of 10 PageID #: <pageID>