UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 3:07-CR-10-18 |
| v. | ) | 3:07-CR-22 |
| | ) | JUDGE Varlan |
| DAVID AARON BECKER | ) | |

## AGREED FACTUAL BASIS

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, and the defendant, David Aaron Becker, with the concurrence of his attorney, hereby stipulate to the following facts:

1. On January 30, 2007, David Aaron Becker consented to speak with Special Agent (SA) Michael C. Ruibal, Federal Bureau of Investigation, and Federal Task Force Officer (TFO) Tom Evans, Knoxville Police Department, Internet Crimes Against Children Task Force regarding his receipt and possession of child pornography.

2. During this interview, Becker confessed to having sexual contact with three children within the Eastern District of Tennessee since 2001 at his residence in Knoxville, Tennessee. Becker identified these minors by name to the agents. Becker stated that his methods in Tennessee were similar to those he used in Colorado to prepare or "groom" the children to accept his sexual advances. Becker has previously been convicted of, and served a prison a prison sentence for, sexually assaulting several children in Colorado in 1983 under the name Ira D. Lustgarden.

3. Becker admitted to the possession of child pornography on his computer and granted consent for investigators and signed a consent to search form to search his computer and related storage media in the area around his computer. Becker stated that he would download and save images of child pornography from the Internet to his computer and other related storage media and that he had been accessing an internet newsgroup to view child pornography immediately preceding the arrival of the agents at his residence. Becker turned on his computer monitor and maximized the window to show the agents an image depicting two, naked male children who appeared to be between the approximate ages of 10 and 13 in sexually explicit positions.

4. Becker further stated that he collected both stills and videos, but he preferred videos depicting child pornography of young boys. Becker acknowledged that he produced child pornography and distributed it over the Internet by filming himself molesting a 13 or 14 year old male on a web cam and transmitting the images over the Internet to an individual whom he knew to reside in the state of Virginia. Becker additionally stated that he produced additional child pornography by taking sexually explicit pictures of a 13 or 14 year old male with a digital camera.

5. A forensic examination of the computer media by TFO Evans revealed numerous images and graphic videos of child pornography, as defined in 18 U.S.C. Section 2256. Becker stated to the agents that he used his computer to access web sites, newsgroups, and P2P file sharing software to download and receive child pornography. TFO Evans confirmed that Becker's statements regarding his receipt and possession of child pornography from the Internet were corroborated by the forensic analysis that had been performed. As a result of this forensic examination, it was determined that the defendant possessed approximately 27,000 images of

child pornography. This analysis also determined the following: that some of the images of child pornography downloaded by the defendant contain prepubescent children and portrayed sadistic or masochistic conduct, that the defendant obtained possession of these images through use of his computer, and that the images had been transported in interstate commerce. These images were sent to the National Center for Missing and Exploited Children for identification of possible known child victims. The Center was able to identify several of these images as images which contain known child victims from 10 different series.

6. The forensic examination also determined that Becker had taken several sexually explicit images of minor male in April 2004 and stored them on his computer hard drive. These images depict the minor male naked and in sexually explicit positions. These images were produced with a Sony Mavica digital camera made in Japan and stored on a computer hard drive made in Malaysia. The digital camera and hard drive had to affect interstate and foreign commerce to be found in the state of Tennessee. The minor male was identified by the agents and determined to be thirteen years of age when the images were produced April 2004.

7. The defendant acknowledges that he understands that the above facts are submitted to the Court to provide the Court with the information necessary to support the defendant's guilty plea as required by Rule 11 of the Federal Rules of Criminal Procedure and that additional facts (including criminal conduct) and information may be considered by the Court in determining the defendant's sentencing guidelines and appropriate sentence.

SO STIPULATED AND AGREED,

JAMES R. DEDRICK
UNITED STATES ATTORNEY

03/09/2007
DATE

/s/ Charles E. Atchley, Jr.
CHARLES E. ATCHLEY, JR.
ASSISTANT UNITED STATES ATTORNEY

Mar 9, 2007
DATE

/s/ Jonathan A. Moffatt
JONATHAN A. MOFFATT
ATTORNEY FOR DEFENDANT

3/9/07
DATE

/s/ David A. Becker
DAVID AARON BECKER
DEFENDANT